## J. H. MORGAN ET AL. *v.* W. H. MURPHY ET AL.

**Fraudulent Conveyances—Taking Title in Name of Son.**

The evidence was held insufficient to show that a father purchased land, paid therefor and had the land conveyed to his son for the purpose of cheating and hindering the father's creditors in the collection of their debts.

### APPEAL FROM WEBSTER CIRCUIT COURT.

February 26, 1874.

OPINION BY JUDGE PETERS:

In the petition, after setting forth their debts, the recovery of judgments thereon, the suing out executions and the returns by the proper officer with the endorsements of nulla bona, appellants allege that their debtor, John H. Murphy, bought a tract of land in Webster County from Chambers, Stevens & Co., on the 1st of February, 1868, at the price of $800; that he paid $300 cash at the date of the purchase, and executed his two notes for the residue of the purchase money, for $250 each, one due December 25, 1868, and the other due the 25th of December, 1869; that both of them had been paid off by said John H. Murphy; and that with the intent to cheat, hinder and delay his creditors, and without any valuable consideration therefor, he had caused the deed for said land to be made to his son, Wm. H. Murphy, then a minor only 18 years of age.

They refer to the deed, but it is not filed, nor is it copied in this record. The appellants further allege that at the November term, 1869, of the Webster Circuit Court, H. H. Smith, as master in said court, conveyed to said Wm. H. Murphy a tract of land in said county, which was sold by said Smith by virtue of a judgment of said court rendered in the case of Swain v. Buckhannan, and purchased by Wm. Martin, who assigned his purchase to said Wm. H. Murphy. They then say their "information and belief is that with the intent as above stated, said John Murphy caused said Martin to buy said land, and that the said J. H. Murphy paid for the same, and had the deed made to his son, Wm. H. Murphy, without any other consideration than for the purpose of cheating, and hindering his creditors, and with the like intent the said Wm.

H. Murphy did on the 3d of May, 1871, to carry out the original intent of the parties, appoint J. H. Murphy an absolute agent to keep, hold and sell said land, for the purpose of cheating and hindering the creditors of said J. H. Murphy." They refer to the last named deed, but it is not in the record, and conclude with a prayer for a sale of the land to pay their debts.

Wm. H. Murphy in his answer denies that his father purchased the land from Chambers, Stevens & Co. for his own benefit or with his own means, and had it conveyed to him to hinder and delay the creditors of his father in the collection of their debts; but he avers that he purchased it for him, Wm. H. Murphy, he then being under the age of 21 years, and that he paid the whole of the purchase money therefor, $300 of which he says he paid in cash at the time of the purchase, and that he paid the deferred payments as they matured or afterwards. He admits that the land sold by commissioner Smith was purchased by Wm. Martin at the sale, and that the purchaser assigned the benefit of his purchase to him with the consent of his statutory guardian, James Martin, who, he says, loaned him a part of the money to pay for it. He denies all fraud on his part, or on the part of his father, and denies that he participated in any way to prevent the creditors of his father from making their debts.

On final hearing the petition was dismissed by the court below, and to reverse that judgment this appeal is prosecuted.

From the evidence it appears that Wm. H. Murphy was born on the 11th of October, 1848, and was 21 years old on the 11th of October, 1869. He proves by his grandmother, Mrs. Buckhannan, that she gave him of the purchase money paid on the tract purchased of Chambers, Stevens & Co., $480. It was purchased the 1st of February, 1868; a crop was raised on it that year; she was entitled to rent. John H. Murphy proves that in 1868 the tobacco raised on the farm by his son sold for about $170, and he sold $100 worth of corn raised that year on the farm. Jenkins proves that in 1870 he bought the crop of tobacco raised in 1869 at $280.22. In 1871 Rice bought the tobacco raised on the farm in 1870; at what price does not appear, although Rice and Givens refer to a statement of the account showing the amount and profess to file it, but it is not found in the record. They both say a part of the proceeds was paid to Wm. H. Murphy. A crop of tobacco was raised in 1871 and sold to Montgomery in 1872. It appears from

the evidence that a fair proportion of the crop raised on the land of Wm. H. Murphy, which might and should have been applied as rent unless money was paid therefor, was used to have paid the purchase money for the land purchased of Chambers, Stevens & Co.

As to the other tract the statement in the petition is wholly insufficient to authorize any relief. It is a mere expression of a belief that certain facts exist, without any statement of facts that would constitute a cause of action.

The judgment must be affirmed.

*Givens*, for appellants.

*James, P. D. Clayton*, for appellees.